UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER DAVON SCOTT,

    Plaintiff,

    v.

JAMES KEVIN ALLEN, et al.,

    Defendants.

Case No. 24-cv-09174-RS (PR)

**ORDER OF DISMISSAL**

# INTRODUCTION

Plaintiff alleges his attorney James Kevin Allen, and the San Mateo County Private Defenders Office, violated his constitutional rights by mishandling his representation. His 42 U.S.C. § 1983 complaint containing these allegations is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

This federal civil rights action is DISMISSED because Allen cannot be held liable under section 1983. Whether he is considered a private individual or a public defender, he is not a state actor and therefore cannot be sued under section 1983.

# DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, a court must identify any

1  cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim
2  upon which relief may be granted or seek monetary relief from a defendant who is immune
3  from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.
4  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

5        A "complaint must contain sufficient factual matter, accepted as true, to 'state a
6  claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
7  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial
8  plausibility when the plaintiff pleads factual content that allows the court to draw the
9  reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting
10 *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal
11 conclusions cast in the form of factual allegations if those conclusions cannot reasonably
12 be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55
13 (9th Cir. 1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
14 essential elements:  (1) that a right secured by the Constitution or laws of the United States
15 was violated, and (2) that the alleged violation was committed by a person acting under the
16 color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

17 **B.    Legal Claims**

18        Plaintiff alleges that Allen's mishandling of his representation violated his
19 constitutional rights.  (Compl., Dkt. No. 1 at 3.)  Allen is employed by the San Mateo
20 County Private Defender Office.  (*Id.* at 2.)  If Allen is acting as a private individual, he is
21 not a state actor and therefore he cannot be sued under section 1983.  *See Gomez v. Toledo*,
22 446 U.S. 635, 640 (1980) (a private individual does not act under color of state law, an
23 essential element of a § 1983 action).  If Allen is acting as a public defender, he also is not
24 a state actor.  *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981) (a public defender does
25 not act under color of state law, an essential element of an action under 42 U.S.C. § 1983,
26 when performing a lawyer's traditional functions).  Accordingly, the claims against Allen
27 and the San Mateo County Private Defenders Office, along with this federal civil rights

action, are DISMISSED.

## CONCLUSION

This federal civil rights action is DISMISSED. The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** April 14, 2025

_____
RICHARD SEEBORG
Chief United States District Judge